### Slone v. Hall.

(Decided November 2, 1911.)

#### Appeal from Knott Circuit Court.

Land—Action to Quiet Title—Failure to Establish Title.—In an action to quiet title, where the plaintiff failed to establish title in himself, the chancellor correctly dismissed his suit.

H. T. BAILEY for appellant.

SMITH & COMBS, JOHN D. SMITH for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This was a suit on the part of John B. Slone against Jeff Hall to quiet title to a tract of land in Knott County, Slone alleging that he was the owner and in possession thereof, and that Hall claimed to own a portion of said land, thereby casting a cloud upon his title, to his damage in the sum of $100. The answer traversed all of the allegations of the petition, and in addition pleaded that the defendant, Hall, was the owner of a particular boundary of land, which was described, and that this tract conflicted with the boundary set up in the plaintiff's peti-

tion, and that the defendant was the owner of the conflict. He further pleaded that he had been in the adverse possession of this land for more than twenty-five years.

Plaintiff claims title under a patent issued December 26, 1901, upon a survey dated July 31, 1901. The description in the patent and in his petition are identical. In his deposition plaintiff claims, not only through and by virtue of his patent, but also under a deed from one Elisha Johnson to his wife and heirs, dated December 18, 1892, based upon a survey made in 1887.

Defendant, in addition to his claim of adverse possession, claims title under a deed dated April 23, 1901, from one Austin Vance. Vance claims title to this tract under a survey originally made in 1882 by one Lindsay Layne, the then surveyor of Floyd County. The land in controversy, it appears, lay in that portion of Floyd County which was annexed to Knott County in 1884. In April, 1884, Vance sold this tract to defendant, Hall, and Hall began to build upon it in July of the same year, and moved there in January, 1885. The survey, as made by Lindsay Layne, was not recorded, it being recited that he died before he had it registered. Thereafter Vance, in order to perfect his title, on March 22, 1888, on the description and plat of the survey made by Layne, procured from the Knott County Court a warrant for this land, after he had it surveyed by the surveyor of Knott County, Wiley Amburgy. The survey as made by Amburgy is identical with that made by Layne. This survey was filed with the Register of the Land Office on March 30th, 1888. Before a patent could be obtained under it, proceedings were instituted by W. H. May and Greenville Witten, owners of a survey of ninety-two thousand acres, covering the land embraced in the Vance survey, which prevented the patent from issuing until this litigation was terminated on March 11, 1901, when a patent was issued to Vance, thus perfecting the title in him; and in April following he conveyed to Hall, as stated.

The evidence shows that Hall, shortly after he took possession of this land, commenced clearing it, and has annually extended the cleared portion thereof until, at the time of this suit, there were about seventy-five acres of this land cleared and under fence. The exterior boundary of this two hundred acre survey, claimed by him, was well defined and marked. Plaintiff never lived upon this land and has had no actual possession of it.

On this showing the trial court held that plaintiff was not entitled to the relief sought, and dismissed his petition. From that judgment he prosecutes this appeal.

The patent under which he claims being junior to that of defendant, his claim in this particular must fail. This is the only paper title which he had to the land in controversy. The survey to this patent was made upon a warrant which was obtained by Elisha Johnson from the Knott County Court in August, 1887. This warrant was assigned by Elisha Johnson to John B. Slone in 1892. This is the only evidence of title which was obtained by plaintiff from Elisha Johnson. The land in controversy was by plaintiff, in July, 1901, caused to be surveyed and patented to him under this warrant. The warrant described no land whatever, but merely called for vacant and unappropriated land of Knott County. While this warrant could have been used by plaintiff to enter and survey any land in Knott County that was vacant and not theretofore been appropriated, it could be of no avail to him in his attempt to take or appropriate land which had theretofore been patented, or which was adversely held by some one else. At the time this land was surveyed and patented under the Elisha Johnson warrant, defendant held a patent therefor, dated March 11, 1901, under a survey made March 22, 1888.

Plaintiff's claim under his paper title being of no avail, the only remaining question to be determined is that of adverse possession. This property is all woodland. Plaintiff does not show that he has ever been in possession of it at all; while defendant shows that he had lived upon it, cleared a large portion, and claimed this land to the exterior boundaries thereof for more than twenty-five years prior to the institution of this suit.

The point is made that the land in controversy is embraced in a larger survey and patent for ninety-two thousand acres. But a consideration of this question is unnecessary, for the reason that, whether it is or not, it cannot aid plaintiff, as his right to recover must rest upon his own superior title; and he having failed to establish title in himself, the chancellor correctly dismissed his suit.

Judgment affirmed.