## Nicholson, et al. v. Shear.

(Decided June 8, 1928.)

Appeal from Jackson Circuit Court.

1. Quieting Title.—In action for interest in land, evidence held not to show that plaintiffs had legal title, in absence of showing that persons named as former owners in court commissioner's deed to plaintiffs' ancestor ever had title, or that plaintiffs or their ancestor had adverse possession for statutory period.

2. Quieting Title.—In action for interest in land, deed to defendants of land, not shown by description or evidence to be part of that sued for, but merely shown by deed to be land conveyed to grantors by named persons three years before, did not show title deducible from commonwealth in defendant.

3. Quieting Title.—Where plaintiffs failed to establish title to land in their ancestor, and defendant, who filed a counterclaim, failed to establish title in himself from the commonwealth, the action was properly dismissed.

H. N. DEAN for appellants.

A. W. BAKER for appellee.

OPINION OF THE COURT BY COMMISSIONER WHEELER— Affirming.

The appellants herein filed their petition in the Jackson circuit court, claiming to own a one-third interest in certain lands described in said petition; the same having been formerly owned by their ancestor, Harrison Altish, who died seized of title thereto, leaving at the time surviving him his widow and three children, one of whom is Kate (Altish) Nicholson, and that she inherited from her father a one-third interest in said tract of land, and thereafter died without having conveyed her interest in same, and it descended to the appellants herein as her only heirs.

The appellee traversed the allegations of the petition, and averred that he was the owner of all of said tract of land by paper title, prescription, and adverse possession, which was duly traversed by reply. The issues being made the evidence was taken as follows: The plaintiffs (appellants herein) proved that plaintiffs were the lawful heirs of Kate (Altish) Nicholson, and that she never did convey her interest in the land inherited from her father, Harrison Altish, she being one of three children of said Harrison Altish, and in support of her title and ownership thereto they filed a deed executed by the commissioner of the Madison circuit court, dated in the year 1854, conveying to Harrison Altish 76 acres of land formerly owned by the Moody heirs, it being the same described in the petition herein; but appellants never did undertake to show that the Moody heirs ever had title to said land, or traced their title further than the commissioner's deed above referred to, nor did the evidence disclose adverse possession by appellants or their ancestor for the statutory period, consequently they failed to show by testimony they had legal title to the land.

The appellee filed as evidence of his title and ownership a deed from Carrie Gilbert and her husband dated in 1917, showing that they conveyed to the appellee 50 acres of land, presumably a part of that described by the petition (but, from the description, we are unable to say whether it is a part of the same land, not being familiar with the objects called for in the deed); but the evidence does not show whether it is a part of the original Altish land, but merely shows that it is the same land conveyed to Carrie Gilbert, by —————— Marcum and wife, by deed dated in 1914, and no other title papers were filed; hence the appellee fails to show title deducible from the commonwealth in himself. It was held by this court in the case of Varney et ux. v. Orinoco Mining Company, 201 Ky. 571, 257 S. W. 1016:

> "In this character of case plaintiff, before he can succeed, must establish his title the same as in an ejectment action, in which his success depends upon the strength of his title, and not the weakness of that of his adversary."

It will be seen from the foregoing that the appellants failed to establish title in their ancestor. The petition was properly dismissed. Likewise, the defendant appellee having failed to establish title in himself as re-

quired, his counterclaim was properly dismissed, and a recovery could not he had by him. Each of the parties having failed to establish title, the action was properly dismissed. Slone v. Hall, 145 Ky. 232, 140 S. W. 188; Engle v. Bond Foley Lbr. Co., 173 Ky. 35, 189 S. W. 1146; Bryant v. Hamblin, 183 Ky. 716, 210 S. W. 786; Cooper v. Williamson, 191 Ky. 213, 229 S. W. 707.

From a reading of the foregoing, it is evident that neither of the parties can complain of not being adjudged the title to the land in controversy, as each failed to prove title as required.

The judgment of the lower court is affirmed.