## Duckwall v. Gregg's Adm'r et al.

June 6, 1944.

Garland E. Allen for appellant.

Davis W. Edwards for Gregg Heirs and Gates.

Ballard Clark and Edward Dodd for other appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

This controversy originated in an action for the settlement of the estate of E. M. Gregg, including a sale of his real estate. It was alleged that the decedent was the owner of certain described land at the time of his death and that appellant Duckwall and the appellee, Martha E. Nash, were claiming an interest therein. They were made defendants and called upon to set up any claim they might have to the land or be forever barred. The land was described in the petition as two tracts, one of 2.714 acres, the other of 0.569 of an acre. The larger track is almost an exact square. The smaller is a rectangular tract, adjacent to the larger on the west. The two boundaries form one tract on the north side of Highway 60 and are enclosed by fence, there being no division fence between them. Only the 0.569 acre tract is in controversy.

The facts appearing by pleading and proof are that

W. N. Mitchell acquired ownership of six tracts on November 21, 1923. The first tract in his deed is the 0.569 tract. The second and third tracts are immediately across Highway 60 and are not involved here. The fourth, fifth and sixth tracts in Mitchell's deed comprise the 2.714 acre tract. In March 1930 Mitchell conveyed tracts one, two and three to the appellee, Martha E. Nash, those three tracts being the 0.569 acre tract and the two tracts across the road on the south side, the latter two containing approximately 22 acres. Mrs. Nash conveyed the three tracts in identical form to Duckwall by general warranty deed. After conveying the three tracts to Mrs. Nash Mitchell had three tracts left, comprising the 2.714 acre tract, which he conveyed to E. M. Gregg in January 1931.

Duckwall answered and set up his claim to the 0.569 acre tract under his deed from Mrs. Nash and called upon the plaintiffs to set up their claim or be forever barred. The action thus became one to quiet title though not so specifically denominated by either party. The answer was made a cross-petition against Mrs. Nash, alleging that she conveyed the 0.569 acre tract to him by general warranty deed and praying judgment against her for the value of the tract if it was adjudged he had no title. The plaintiffs denied that Duckwall had title to the 0.569 acre tract and also pleaded that at the time of the conveyance of the tract to him by Mrs. Nash it was in the adverse possession of E. M. Gregg and that Duckwall's deed was therefore champertous and void.

Mrs. Nash made no defense to the action against her by the Gregg heirs but filed a demurrer to Duckwall's cross-petition. The demurrer was not passed on until final judgment was rendered. The Chancellor adjudged that the plaintiffs were the owners of the 0.569 acre tract. He then treated the demurrer to the cross-petition as a motion to strike it and sustained the motion. Duckwall prosecutes this appeal against the Gregg heirs and Mrs. Nash.

Mitchell, while not a party to the action, testified that he sold land only on the south side of the highway to Mrs. Nash and that the inclusion of the 0.569 acre tract on the north side of the highway was a mistake. Mrs. Nash confirmed this and said she sold to Duckwall only the land on the south side of the highway and that the inclusion of the 0.569 acre tract in Duckwall's deed was

also a mistake, a repetition of the mistake in Mitchell's deed to her. Duckwall testified that although he inspected the land when he bought it he was buying only a certain amount of acreage and did not know or care on which side of the highway the land was located and that there was no mistake as far as he was concerned.

The evidence established that Gregg was living on the 2.714 acre tract when Duckwall obtained his deed. The 0.569 acre tract was enclosed with this larger tract by a fence and certain out buildings on the larger tract extended on to the smaller tract. There was also a road, used by Gregg, leading from Highway 60 across the small tract to the out buildings. A number of witnesses testified that Gregg was in possession of the entire boundary at the time of execution of Duckwall's deed. It is true that most of these witnesses merely referred to Gregg's possession as a whole and not specifically as to the 0.569 acre tract but several of them testified that the latter tract was at times in cultivation. Duckwall says that in 1933 Gregg had a garden on it. This, however, was some months after Duckwall's purchase.

We think the evidence amply justified the chancellor's finding that Gregg was in adverse possession at the time of Duckwall's deed and that the deed was therefore champertous and void as to the land in dispute. It is true that adverse possession to render a deed champertous must be contemporaneous and must be so open, visible and notorious that it would have been brought to the notice of an inquirer or intending purchaser. Fordson Coal Co. v. Wells, 245 Ky. 291, 53 S. W. 2d 564. But we think it is clear from the evidence that any intending purchaser would have seen by a mere glance from the Highway that Gregg had the 0.569 acre tract in actual possession and occupancy, enclosed by a fence. It is the duty of a purchaser of land to ascertain the condition of the land he purchases. Graves v. Leathers, 17 B. Mon. 665. Duckwall could easily have ascertained the condition of the 0.569 acre tract and we think it is fair to assume from the evidence that he did in fact ascertain its obvious possession and occupancy by Gregg. It is argued that any adverse possession proven was not shown to be contemporaneous with the execution of Duckwall's deed because no cultivation of the tract was shown at that time. But, even if it was not actually under cultivation, we think the general situation, as outlined above,

was sufficient to show actual possession and occupancy by Gregg.

It is further argued that any possession shown in Gregg was not of the adverse character required to render a deed champertous because he had no claim of title or ownership. However, color of title is not essential to hostile possession and it is sufficient that the claimant holds to a well-defined, or well-marked, boundary, or by manifesting the possession in some open, visible manner. Deupree v. Walker, 255 Ky. 30, 72 S. W. 2d 732; Fordson Coal Co. v. Wells, supra. Gregg was claiming title and was in possession of the land and his possession was open and visibly manifest.

It is contended by the appellant that even though his deed was champertous and void, nevertheless the chancellor was in error in adjudging the Gregg heirs to be the owners of the land, since they failed to establish title, either of record or by adverse possession. It is argued that in so doing the court permitted the use of the champerty statute as an offensive weapon to correct the mutual mistakes of Mitchell and his grantees, Gregg and Mrs. Nash, in their deeds.

It is true that the plaintiffs failed to establish record title and that their adverse possession had not continued for a sufficient length of time to give them title. And, ordinarily, when both the plaintiff and defendant fail to establish title in an action to quiet title both the petition and counterclaim should be dismissed. Nicholson v. Shear, 225 Ky. 53, 7 S. W. 2d 516. But we have a unique situation here. The action to quiet title was not only against Duckwall but against Mrs. Nash, in whom was vested the title of record because Duckwall's deed was void. Mrs. Nash did not contest the plaintiff's claim of ownership but acquiesced therein and expressly disclaimed title in their favor. The judgment, which adjudged Duckwall's deed void, adjudged as against Mrs. Nash, the holder of the legal title, that the plaintiffs were the owners of the land. This judgment served to divest Mrs. Nash of title and to vest the plaintiffs therewith as effectually as if Mrs. Nash had conveyed to them. Mitchell, through whom all parties claim title, while not a party to the action, testified as a witness and disclaimed any interest, recognizing the title of the plaintiffs. An amended petition was tendered by the Gregg heirs after all proof was in alleging that Mitchell had

conveyed all his interest to them since the beginning of the action. Both Mitchell and Mrs. Nash, the only persons, aside from the plaintiffs, having any possible claim to the land, having made disclaimer of title, and Mrs. Nash, the owner of the record title, having been effectually divested of title in favor of the plaintiffs by the judgment, we think the chancellor correctly adjudged the plaintiffs to be the owners of the land.

The appellant contends most earnestly that the chancellor was in error in striking his cross-petition seeking a recovery against Mrs. Nash for the value of the 0.569 acre tract on her covenant of general warranty. The cross-petition was, apparently, stricken upon the theory that it did not affect or was not affected by the original cause of action as required by Subsection 3 of Section 96 of the Civil Code of Practice. But whether it was properly stricken for this reason is immaterial since the court's action in striking it, which was equivalent to sustaining the demurrer and dismissing it, was correct because it stated no cause of action. It is well settled that no action may be maintained for breach of covenant of warranty contained in a deed which is champertous and void. See Pioneer Coal Co. v. Asher, 210 Ky. 498, 276 S. W. 487 and cases therein cited.

The judgment is affirmed.