James C. ELLIS, Appellant,

v.

Raymond CHESTNUT et al., Appellees.

Court of Appeals of Kentucky.

Feb. 17, 1956.

Rehearing Denied May 18, 1956.

Anderson & Anderson, Owensboro, for appellant.

Raymond B. Dycus, Smithland, for appellees.

CLAY, Commissioner.

This is an action to quiet title to some 92 acres of land which extends from the Illinois shoreline out into the Ohio River. Plaintiffs, Chestnut et al. claim under a deed from the Commissioner of the Livingston County Court, executed in 1935. Defendant Ellis claims under a deed issued pursuant to a judicial sale ordered by the Pope Circuit Court, State of Illinois, in 1932. Both parties contend the deed of the other is invalid because issued by an authority which had no jurisdiction over the land. Plaintiffs assert the land is located in Kentucky, whereas defendant argues that it is in Illinois.

The trial court found both parties were partly right. It held that 35⅛ acres of the land were an accretion to defendant's land in Illinois, bordering on the Ohio River. The other 56⅞ acres were found to be an island in the Ohio River and, therefore, a part of Kentucky.

This appeal was prosecuted by the defendant from so much of the judgment as determined that the 56⅞ acre tract was a part of Kentucky rather than Illinois. Since no cross-appeal was taken, our inquiry is confined to that land adjudged an island and a part of Kentucky.

Defendant urges several grounds for reversal. He first questions the finding that an island exists. He argues that the entire 92 acres is an accretion to the Illinois shore. Although there is some conflict in the testimony and exhibits in this record, there was ample evidence to support the finding of the trial court and it will not be disturbed. To this extent the judgment is affirmed.

A more serious problem is raised in connection with plaintiffs' title to the island. In this action to quiet title, each must prevail on the strength of his own title, not on the weakness of his adversary's. Where both parties fail to show title to disputed land, the proper procedure is to dismiss the action. Bryant v. Hamblin, 183 Ky. 716, 210 S.W. 786; Cooper v. Williamson, 191 Ky. 213, 229 S.W. 707; Nicholson v. Shear, 225 Ky. 53, 7 S.W.2d 516.

Plaintiffs' deed purports to be one executed in conformance with the provisions of Carroll's Kentucky Statutes, 1930, Sections 4702–4704. These sections deal with the manner in which "vacant" and "unappropriated" lands within a county may be appropriated by private persons. The pertinent provisions of Sections 4702–4704 follow (our emphasis):

4702—"Each county in this Commonwealth shall have the *right to dispose* of the unappropriated lands lying therein, not otherwise provided for, *in the manner hereinafter directed,* and hold the proceeds for county purposes, unless the same has been by law otherwise appropriated."

4703—"Any person who wishes to appropriate any vacant and unappropriated lands may, on application to the county court of the county in which the same lies, and paying therefor such price as the court may allow, not less than five dollars per hundred acres, obtain an order of court authorizing him to enter and survey any number of acres of such land in the county, not more than two hundred. * * *"

4704—"The surveyor shall survey the entries * * *. A plat and certificate of the survey must be made out by the surveyor, and recorded in his books, and the original thereof, and a copy of the order of court under which it is made, *must be deposited in the register's office* within six months after the survey is made. *A patent may issue* of the survey within three months after a plat and certificate thereof and a copy of the order are filed in the register's office. * * * When a survey *has been carried into grant,* the register shall write across the face of the order on which the survey was made 'satisfied,' and sign his name thereto. The legal title of the land shall bear date from the time of making the survey. * * * The register may receive plats and certificates of survey after the expiration of the time herein allowed for returning the same; but in such case *the legal title shall take effect only from the date of the patent.*"

■ As has been noted, plaintiffs' claim is based on a deed executed by the Commissioner of the County Court of Livingston County. No patent has ever been issued by the Commonwealth. In fact, the plat, certificate of survey and order of the court were never filed with the register's office. In light of the last sentence quoted from Section 4704 above, it seems clear that plaintiffs have no legal title to the land in question. Inasmuch as they have failed to carry their survey into a patent in the manner prescribed by the statute, they have no legal title upon which to base their claim to the 56⅞ acres in controversy, and their complaint should have been dismissed.

The judgment is affirmed in part and reversed in part, with directions to enter a judgment consistent with this opinion.