

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 16, 1957

Honorable John C. White
Commissioner,
Texas Department of Agriculture
Capitol Station
Austin, Texas

Opinion No. WW-313

Re:  Does the subject package
of wheat flour meet the
requirements of Article
1042b, Vernon's Penal
Code?  And related ques-
Dear Mr. White:                  tions.

You have requested an opinion of this office con-
cerning the application of Article 1042b, Vernon's Penal
Code, to the sale of a specific package of wheat flour.  The
request describes the package as follows:

"A shaker-type package of flour
with perforated top, weighing 14 ounces
net, manufactured by Pillsbury Mills, Inc.,
and more fully described as 'a pasteboard
cylinder with metal top and bottom.  It is
designed to be used by pushing down a
portion of the metal top and turning a
revolving disk attached thereto so that
the package provides for both reclos-
ability and controlled dispensing.'  The
container is marked, 'You will want this
package for the top of your stove and
your regular size for your canister.'. . ."

You have posed the following questions in your
request:

"1.  Is the above described
package in compliance with Article 1042b,
Penal Code?

"2.  If the answer to Question 1

is in the negative, then would the proposed rules and regulations, as set forth below, be in compliance with the provisions of Section 3 of Article 1042b, Vernon's Penal Code, and if so would the subject package fall within the provisions of these proposed rules and regulations?"

We shall answer your questions in the order presented.

Article 1042b, Vernon's Penal Code, reads, in part, as follows:

"Section 1.  The standard measures of wheat flour, whole wheat flour, graham flour, other cereal flour, and corn meal, except such cereals sold as grits, shall be packages containing net avoirdupois weights of two, five, ten, twenty-five, fifty, one hundred, one hundred fifty, and two hundred pounds.

"Sec. 2.  It shall be unlawful for any person, firm, association or corporation to pack for sale, sell or offer for sale in the State of Texas any wheat flour, whole wheat flour, graham flour, other cereal flour, or corn meal except in packages (including barrels, sacks, bags, cartons and other containers) of the above standard net weights.

"Sec. 3.  Each package of wheat flour, whole wheat flour, graham flour, other cereal flour and corn meal shall have the net weight, name of manufacturer (meaning the person, firm, association, or corporation which processes the wheat or other cereal into flour, or which processes the corn into meal)  and the name of the place where milled, printed or plainly marked on it in letters and figures clearly readable; and that it shall be unlawful for any wheat flour, whole wheat flour, graham flour, other cereal flour, or corn meal, to be packed for sale, offered for sale or sold within the State of Texas unless it shall be so labeled.  Provided, however, that reasonable rules and regulations for the efficient enforcement of this

Act, not inconsistent herewith, and
including reasonable variations or
tolerances, shall be made by the Com-
missioner of Agriculture.

"Sec. 4.   The provisions of
this Act shall not apply to the re-
tailing of wheat flour, whole wheat
flour, graham flour, other cereal
flour or corn meal direct to the
consumer from bulk stock, nor to
sales of flour to bakeries for exclu-
sive use in such bakeries, nor to the
exchange of flour or meal for wheat
or corn by grist mills and other mills
grinding for toll for producers; and
that nothing herein contained shall be
held to apply to any product such as
prepared pancake flour, cake flour or
other specialty, packed and distributed
in identified original package, the net
contents of which are five pounds or
less.

It might be well to further point out that the sample
container which you have supplied to this office is specifically
labeled so as to indicate that it contains an all-purpose flour.
In fact, a portion of the label states that "This is an all-
purpose flour and can be used for any baking. . . biscuits,
cookies, cakes, etc."

Section 1 of Article 1042b, Vernon's Penal Code, as set
forth above, clearly prescribes the standard measures of wheat
flour as packages containing net weights of two, five, ten,
twenty-five, fifty, one hundred, one hundred fifty, and two
hundred pounds.  Section 2 of this same Article makes it un-
lawful to sell or offer for sale wheat flour except in pack-
ages of the standard weights set forth in Section 1.  It
further defines "packages" to include barrels, sacks, bags,
cartons and other containers.  Thus, it is apparent that the
subject package of flour clearly falls within the purview of
the statute and in as much as the container in questions con-
tains but fourteen ounces of flour, its sale is prohibited by
the provisions of Article 1042b, Vernon's Penal Code, unless
it falls within one of the exceptions to the Act.

An examination of the pertinent sections of the Act, as
set forth above, indicates that the only exception under which

Honorable John C. White, page 4 (WW-313).

the subject package could possibly fall is that provision contained in Section 4, which provides:

> ". . . and that nothing herein contained shall be held to apply to any product such as prepared pancake flour, cake flour or other specialty, packed and distributed in identified original package, the net contents of which are five pounds or less."

The term "specialty" is nowhere defined in Article 1042b, Vernon's Penal Code. However, Webster's New International Dictionary, Second Edition, defines "specialty" as "an exceptional or peculiar mark or characteristic, a distinctive or distinguishing, sometimes a limiting or restrictive, quality . . . an object or class of objects marked by some special or peculiar characteristic . . ."

Thus, it appears it was the intent of the Legislature to exclude from the restrictions of the Act such products as have distinctive or restrictive qualities, which mark them with some exceptional or peculiar characteristic. The two enumerated products, to-wit, prepared pancake flour and cake flour both fall within this commonly accepted definition for both contain ingredients or are so processed so as to be offered for sale, and subsequently purchased for a limited use. Both possess exceptional qualities which induce the purchaser to seek out that particular product. However, here the container itself indicates an all-purpose flour, and not a specialized type of flour, and the statute itself does not classify a container as a specialty.

The rule which might best be used to resolve the problem of construction presented in this case is that of ejusdem generis. In Stanford v. Butler, 142 Tex. 692, 181 S.W. 2d 269 (1944), the Supreme Court said:

> "'It is a prime rule of construction that where in a statute general words follow a designation of particular subjects or classes of persons the meaning of the general words will be restricted by the particular designation in such statute. This is known as the rule of ejusdem generis, and is a rule of almost universal application.'"

The Court in Employers Casualty Co. v. Stewart Abstract Co., 17 S.W. 2d 781 (Tex. Com. App., 1929), held:

"... When general words of statute follow a particular enumeration, the general words will be construed to mean things of the general characteristics possessed by the particular ones. ..."

Applying this rule to the product in question, it is our opinion that the subject package of all-purpose flour, whose physical characteristics in no way limit or restrict its use, may not be construed to be a "specialty" as that term is used in Article 1042b, Vernon's Penal Code. For this reason, we are of the opinion that Sections 1 and 2 of Article 1042b, Vernon's Penal Code, prohibit the sale of the subject package of flour and must, therefore, answer your first question in the negative.

Section 3 of Article 1042b, Vernon's Penal Code, as set forth above, provides that reasonable rules and regulations for the efficient enforcement of the Act, and not inconsistent therewith, shall be promulgated by the Commissioner of Agriculture. Under this authority you have presented a proposed rule, the pertinent portions of which provide:

"Rule No. _____, The term "specialty" as used in Article 1042b, V.P.C., Acts, 1943, 48th Leg., p. 694, ch. 385, as amended Acts 1953, 53rd Leg., p. 831, ch. 334, sec. 1, exempting from standard weights there set for the sale of packaged flour and corn meal 'any product such as prepared pancake flour or other specialty', is hereby ruled to mean any retail sale item consisting either wholly or predominantly of wheat flour, whole wheat flour, graham flour, other cereal flour or corn meal, packed and distributed in identified original package, the net contents of which are five pounds or less, provided that such item is (a) produced or packaged with a distinguishing characteristic which differentiates it from other items consisting of the same or similar ingredients, (b) produced or packaged for limited or special purposes as distinguished from general purposes, and (c) packaged in a distinctive and unusual manner clearly indicating the net weight and the special or limited purposes for which it is marketed."

The usual purpose of the statutes relating to weights and measures is to protect the public from fraud and misrepresentation and to enable it to obtain the quantity of property bought and paid for. 56 Am. Jur. 1017, Section 4. The Supreme Court of Tennessee, in upholding a statute which required corn meal to be packaged in a certain sized container, said the

object of the statute was the prevention of fraud in the sale of one of the most common articles of commerce and food. State v. Cooperative Store Co., 123 Tenn. 399, 131 S.W. 867 (1910). The Legislature of Texas has also seen fit to enact specific legislation which requires the sale of certain common flours and meals in standardized packages. Like the Tennessee statute, the items included are those specific commodities which the consumer public requires daily and which the average buyer has come to expect to be packed in certain standard sizes. In order not to burden the free exchange of these common commodities in those instances in which the average small lot purchaser would not be involved, or where he would not be mislead, the Legislature provided four exceptions: (1) where the sale is to the consumer from bulk stock and, therefore, presumably sold by the actual weight; (2) where the transaction involves the milling of flour or meal, and (3) where the sale is to a bakery for its exclusive use; and (4) where the purchase involves a mixture or type of flour or meal which has exceptional properties which are distinguished from the common all-purpose flour and meal. As pointed out above in our answer to your first question, the particular properties and qualities of these special products have induced their purchase and, for this reason, the consumer will be relying upon these distinguishing properties when he purchases it rather than upon the size of the container, as is often the case in his purchase of all-purpose flour or meal.

In as much as the quoted portions of Section 3 of Article 1042b, Vernon's Penal Code, require that any rules promulgated under the authority of the Act be not inconsistent with the Act, we must therefore examine the proposed rules in the light of the construction which we have placed on the statute above.

The proposed rule would define "or other specialty" so as to include any retail item consisting wholly or predominantly of wheat flour, whole wheat flour, graham flour and other cereal flour or corn meal, if such item is (a) produced or packaged with a distinguishing characteristic which differentiates it from other items consisting of the same or similar materials, (b) produced or packaged for limited or optional purposes as distinguished from general purposes, and (c) packaged in a distinctive and unusual manner clearly indicating the net weight and special or limited purposes for which it is marked. We interpret the rule to require the presence of all three of these requirements before an item may be properly classified as a "specialty". We further construe the phrase "or packaged" as it appears in requirements (a) and (b) to be in the disjunctive and, therefore, subject to being construed so as to allow an item packaged with a distinguishing characteristic and packaged for a limited or special purpose

and <u>packaged</u> in a distinctive and unusual manner to be a "specialty" within the meaning of the Act, regardless of whether the <u>contents</u> of the package be produced for a special or limited purpose or not. We do not believe that such a construction of the phrase "or other specialty" is in accordance with the intent of the Legislature in providing the exception as to specialties and, therefore, we are of the opinion that the proposed rule is not consistent with the provisions of Article 1042b, Vernon's Penal Code. For this reason, we are of the opinion that the proposed rules and regulations are not in compliance with the provisions of Section 3 of Article 1042b, Vernon's Penal Code, and we must answer the first portion of your second question in the negative.

In as much as we are of the opinion that the proposed rules are not in compliance with the provisions of Article 1042b, Vernon's Penal Code, it becomes unnecessary for us to answer the final portion of your second question.

<u>SUMMARY</u>

The subject package of wheat flour does not meet the requirements of Article 1042b, Vernon's Penal Code, and the proposed rules and regulations which have been submitted are not in compliance with the provisions of Section 3 of Article 1042b, Vernon's Penal Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Wayland C. Rivers Jr._
Wayland C. Rivers, Jr.
Assistant

WCR:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

John H. Minton, Jr.
B. H. Timmins, Jr.
Leonard Passmore
APPROVED FOR THE ATTORNEY GENERAL

By: James N. Ludlum.