ROBERTSON WALL, Administrator of the Estate of LUCY E. PLYMP-
TON, Deceased, v. THE CITY OF ASHEVILLE, a Municipal Corpo-
ration.

(Filed 17 September, 1941.)

**Appeal and Error § 49a—**

Where, upon a former appeal, it is determined by the Supreme Court
that the questions of negligence and contributory negligence were for the
determination of the jury upon the evidence and that the judgment of
nonsuit should be reversed, the decision becomes the law of the case and
upon defendant's appeal from subsequent judgment in plaintiff's favor
the Supreme Court cannot consider defendant's contention that its motion
for judgment as of nonsuit should have been allowed upon the second
trial.

Appeal by defendant from *Gwyn, J.,* and a jury, at July Term, 1941,
of Buncombe. No error.

This was an action for actionable negligence, alleging damage, brought
by plaintiff against defendant.

The issues submitted to the jury, and their answers thereto, were as
follows:

"1. Was the plaintiff's intestate injured and killed by the negligence
of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. If so, did the plaintiff's intestate, by her own negligence, con-
tribute to her injury and death, as alleged in the answer? Answer: 'No.'

"3. What damages, if any, is the plaintiff entitled to recover? An-
swer: '$5,000.00.'"

Judgment was rendered on the verdict, as follows: "Now, therefore,
it is ordered, adjudged and decreed that plaintiff have and recover of
the defendant the sum of Five Thousand ($5,000.00) Dollars." Defend-
ant excepted, assigned error and appealed to the Supreme Court.

*Harkins, Van Winkle & Walton for plaintiff.*
*Philip C. Cocke, Jr., and S. G. Bernard for defendant.*

Per Curiam. The defendant says in its brief that the following ques-
tions were involved: "Did the court err in not granting defendant's
motion for nonsuit at the close of plaintiff's evidence, and at the close
of all the evidence, and refusing to admit certain evidence?" Neither
of defendant's contentions can be sustained.

This case was first tried at the regular September, 1940, Civil Term
of the Superior Court of Buncombe County, at which time, and after
the close of plaintiff's evidence, the action was dismissed by judgment

of nonsuit. From such judgment, plaintiff appealed to the Supreme Court, and this Court, in its opinion and judgment rendered in February, 1941 (219 N. C., 163), reversed the lower court and held that there was sufficient evidence of negligence on the part of the defendant proximately causing the death of plaintiff's intestate, and that this question of negligence, together with the question of contributory negligence on the part of plaintiff's intestate, should be submitted to a jury.

Thereafter, defendant filed a petition to rehear before this Court, which petition was, on 18 April, 1941, denied.

Defendant now comes again before this Court and asks this Court to reverse the lower court and its prior decisions in the case and hold that the action should be dismissed as of judgment of nonsuit. This Court has repeatedly held that it is not permitted to review such a question when it has already been passed upon by this Court. *Ray v. Veneer Co.,* 188 N. C., 414.

"A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal." *Robinson v. McAlhaney,* 216 N. C., 674 (679).

The evidence excluded, which the defendant complains of, was incompetent.

In the judgment of the court below, we find

No error.