HOBBS *v.* GOODMAN.

MRS. E. W. HOBBS v. AL GOODMAN AND ETHEL GOODMAN, T/DBA AL GOODMAN OF CHARLOTTE FINE SHOES, ORIGINAL DEFENDANTS, AND J. P. HACKNEY, JR., AND GEORGE D. PATTERSON, TRUSTEES; AND PRITCHARD PAINT & GLASS COMPANY, CROSS-DEFENDANTS.

(Filed 15 December, 1954.)

**1. Torts § 6—**

The original defendant is not entitled to set up in his cross action against additional defendants joined for contribution an entirely different state of facts which invoke principles of law which have no relation to the subject matter of the action as stated in plaintiff's complaint. G.S. 1-240.

**2. Appeal and Error § 51a—**

Decision on appeal becomes the law of the case and is controlling when the identical question is thereafter presented.

APPEAL by original defendants from *Patton, Special J.,* October Term 1954, MECKLENBURG.    Affirmed.

Civil action to recover compensation for personal injuries, here on former appeal, *Hobbs v. Goodman,* 240 N.C. 192.

A statement of the essential facts is a part of our opinion on the former appeal. After that opinion was certified to the trial court, plaintiff filed an amended complaint as against the original defendants, and defendants Goodman filed an answer thereto in which they allege, or attempt to allege, a cross action under G.S. 1-240 against the additional defendant trustees and the Pritchard Paint & Glass Company, for contribution, and procured an order retaining defendant trustees as defendants and making the Pritchard Paint & Glass Company, a corporation, an additional defendant.

The trustees and the Glass Company demurred upon substantially the same grounds as upon the former appeal. The demurrers were sustained, and defendants Goodman appealed.

*McDougle, Ervin, Horack & Snepp and Robinson & Jones for defendant appellants Goodman.*

*Pierce & Blakeney and R. E. Wardlow for defendants Hackney and Patterson, appellees.*

*Cochran, McCleneghan & Miller for defendant Pritchard Paint & Glass Company, appellee.*

BARNHILL, C. J.    While the language used in the amended complaint is somewhat more redundant and repetitious in nature than that used in the original complaint, this is due in part to the fact plaintiff, in her amended complaint, gives a more particular and detailed description of the object that fell and struck her as she passed by the defendants' store

building and in her allegations of negligence. In the oirginal complaint the object is described as an advertising sign supported by a steel brace and bar, and in the amended complaint as "a wooden beam flanged on two sides with metal . . . which was attached to and a part of a sign or other part of the front of the defendants' store building and under the sole control of the defendants." Thus she continues to tie her cause of action to the falling of the sign or some part thereof. The cause of action first stated and the one alleged in the amended complaint are identical. There is no fact or circumstance alleged that so much as suggests that the additional defendants are or were joint tort-feasors or are in any wise liable for the injuries received by plaintiff.

Likewise, the defendants rest their prayer for contribution upon the allegation "that the object which fell and struck the plaintiff was not the advertising sign of these defendants, or any part thereof, or any attachment thereto, but, on the contrary, was a portion of an awning cover which had been installed by or on behalf of the owners of the building . . ." The allegations of negligence made against the defendant trustees are the same. As to the Glass Company, negligent installation and failure to inspect are asserted.

Thus it appears that in substance we now have before us the identical case that was here at the Spring Term (*Hobbs v. Goodman,* 240 N.C. 192). Decision here is controlled by the principles of law there discussed. It is still the law of this case on the questions raised on this appeal. Hence the judgment entered in the court below must be

Affirmed.