WILLIAM C. LAWTON, ADMINISTRATOR OF THE ESTATE OF JOHN GULLEY, SR., DECEASED v. GEORGE A. YANCEY TRUCKING COMPANY AND JOYCE RIGGS, PERSONAL REPRESENTATIVE OF THE ESTATE OF IVEY VANCE RIGGS, DECEASED

No. 8610SC649

(Filed 3 March 1987)

**Automobiles and Other Vehicles § 53— deceased not negligent—subsequent action to determine defendant's negligence—evidence that deceased crossed center line—admissibility**

In a wrongful death action arising from a fatal automobile accident, the trial court did not err in admitting evidence that deceased's vehicle crossed

the center line, though it had been determined in a prior action that deceased was not negligent, since the court specifically instructed the jury that deceased was not negligent and this was not an issue before them.

Judge WELLS dissenting.

APPEAL by plaintiff from *Lee, Judge.* Judgment entered 11 December 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 19 November 1986.

On 13 July 1979, a pickup truck driven by John Gulley collided with a dump truck driven by Ivey Vance Riggs and owned by Yancey Trucking Company. Gulley was killed in the accident. Three passengers in the Gulley vehicle brought personal injury actions against Riggs, Yancey Trucking and the Estate of John Gulley.

Riggs and Yancey Trucking cross claimed against Gulley's Estate for indemnity and contribution and alleged that Gulley caused the accident by negligently crossing the center line. Gulley's Estate cross claimed against Riggs and Yancey Trucking for contribution and wrongful death and alleged negligence by those defendants.

The trial court bifurcated the first trial into liability and damage phases, due to the multiple claims involved. At the close of the liability phase, two questions were submitted to the jury: (1) was the driver of the dump truck (Riggs) negligent? and (2) was the driver of the pickup truck (Gulley) negligent? The jury answered "No" to the second question but could not reach a verdict on the first question. Judgment was entered on the jury's verdict that Gulley was not negligent and a mistrial was declared on the question of Riggs' negligence.

Riggs and Yancey appealed from the judgment that Gulley was not negligent. In *Sanders v. Yancey Trucking Co.; Johnson v. Yancey Trucking Co.*, 62 N.C. App. 602, 303 S.E. 2d 600, *disc. rev. denied,* 309 N.C. 462, 307 S.E. 2d 366 (1983), this Court found no error in the judgment of the trial court.

Prior to the retrial on the question of Riggs' negligence, the three passengers took voluntary dismissals of their claims against Riggs and Yancey Trucking. These dismissals and the judgment

in favor of Gulley disposed of all the claims between the parties, with the exception of Gulley's wrongful death claim.

At the second trial, the court instructed the jury that Gulley was not negligent in causing the collision and that they were not to concern themselves with whether Gulley was negligent because it had already been judicially determined. Evidence was introduced over objection that Gulley's vehicle had crossed the center line.

The court then submitted the following issue to the jury: "Was the death of John Gulley, Sr. caused by the negligence of Ivey Vance Riggs?" The jury answered "No." From judgment entered on the verdict, plaintiff appeals.

*McMillan, Kimzey, Smith & Roten, by James M. Kimzey, attorney for plaintiff appellant.*

*Moore, Ragsdale, Liggett, Ray & Foley, P.A., by Jane Flowers Finch, attorney for defendant appellees.*

ORR, Judge.

Plaintiff contends that the trial court erred in admitting evidence that Gulley's vehicle crossed the center line. There are three areas of testimony that plaintiff contends were inadmissible. First, since Riggs died prior to the second trial, his deposition at the first trial was allowed to be read into evidence at the second trial. In that deposition Riggs testified that Gulley's vehicle had crossed the center line moments before impact. Second, Mabel Davenport, who testified at the first trial, was allowed over objection to state that she saw Gulley's truck pull over into the oncoming lane and collide with Riggs' vehicle. Third, Dr. Rolin Barrett, an expert witness, testified that in his opinion the collision occurred in Riggs' lane. Plaintiff maintains that the trial court improperly admitted this evidence, thus allowing defendants to relitigate the same issues which were the subject of a prior judicial determination. We disagree.

At the first trial all admissible evidence was presented for the purpose of determining whether Riggs was negligent and whether Gulley was negligent. The jury determined that Gulley was not negligent. However, the jury could not reach a verdict on

the issue of Riggs' negligence and a mistrial was declared as to that aspect of the case.

Plaintiff now contends that the jury in the retrial of the case can only hear a select portion of the evidence that was originally introduced at the first trial. Such a conclusion is grounded in neither logic nor law. The jury must hear all admissible evidence with such limiting instructions as the situation dictates.

In this case, the trial court specifically instructed the jury before any evidence was presented as follows:

It is the law of the case in this matter that the operator of the pickup truck, John Gulley, deceased, was not negligent in causing the collision. That is, you are not to concern yourself with whether or not the driver of the pickup truck was negligent in causing this collision because it has been judicially determined that he was not and that issue is not before you.

This instruction was also included in the court's final charge to the jury. Furthermore, plaintiff's counsel emphasized this point in both his opening statement and closing argument.

Plaintiff argues that this Court's decision in *Sanders* invoked the doctrine of "law of the case." He asserts that the trial court should have excluded evidence that Gulley crossed the center line, since the issue of Gulley's negligence had been previously determined.

In *Hayes v. Wilmington*, 243 N.C. 525, 91 S.E. 2d 673 (1956), the Supreme Court stated:

[A]s a general rule when an appellate court passes on a question and remands the case for further proceedings, the questions there settled become the law of the case, both in subsequent proceedings in the trial court and on subsequent appeal, provided the same facts and the same questions which were determined in the previous appeal are involved in the second appeal.

243 N.C. at 536, 91 S.E. 2d at 681-82.

The question of Gulley's negligence is, in fact, the law of the case, and the trial court so instructed the jury. However, plaintiff would extend the doctrine of the law of the case further by re-

quiring the trial court to exclude evidence as to whether Gulley crossed the center line. That issue was not directly submitted to the jury and thus it could only be surmised as the jury's conclusion on that factual question. All we know is that the jury found that Gulley was not negligent — nothing more.

"The rule that a decision of an appellate court is ordinarily the law of the case, binding in subsequent proceedings, is basically a rule of procedure rather than of substantive law, and must be applied to the needs of justice with a flexible, discriminating exercise of judicial power." *Id.* at 537, 91 S.E. 2d at 682.

Plaintiff advocates that defendants retry this case using only a portion of the evidence available to defendants at the first trial. This would result in an inequitable application of justice. By virtue of the trial court's instruction as to Gulley not being negligent, plaintiff's rights were adequately protected.

In view of the above, we find no error.

No error.

Judge BECTON concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

In my opinion, a proper application of the law of the case doctrine in this case required that any and all evidence tending to show negligent driving on Mr. Gulley's part be excluded from the second trial. The instructions given by the trial court did not cure the error of allowing such evidence to be brought out.

I therefore vote to award plaintiff a new trial.