IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 19-727

Filed: 7 July 2020

Jackson County, No. 15 CVS 123

CURTIS LAMBERT, Plaintiff

v.

TOWN OF SYLVA, Defendant

Appeal by Plaintiff from Judgment entered 31 July 2018 by Judge William H.
Coward in Jackson County Superior Court. Heard in the Court of Appeals 5 February
2020.

*David A. Sawyer for plaintiff-appellant.*

*Ridenour & Goss, P.A., by Eric Ridenour and Kelly Langteau-Ball, for defendant-appellee.*

HAMPSON, Judge.

**Factual and Procedural Background**

In *Lambert v. Town of Sylva* (*Lambert I*), 259 N.C. App. 294, 307, 816 S.E.2d
187, 197 (2018), this Court granted Curtis Lambert (Plaintiff) a new trial on his
claims alleged under 42 U.S.C. § 1983 for violations of his state and federal
constitutional rights and for wrongful termination in violation of public policy arising
from his termination from employment with the Town of Sylva (Defendant). On
remand and following the new trial, a jury returned a verdict in favor of Defendant.

Plaintiff appeals from the trial court's Judgment entered on 31 July 2018 consistent with the jury verdict. The Record reflects the following:

In January 2013, Plaintiff was hired as a Patrol Officer with the Sylva Police Department. Plaintiff had previously worked for the Sylva Police Department on two occasions, and prior to returning in 2013, Plaintiff was employed by the Jackson County Sheriff's Office as a patrol deputy. Upon Plaintiff's return to the Sylva Police Department in 2013, he was supervised by Chief Davis Woodard (Chief Woodard). Chief Woodard reported to the Town Manager, Paige Dowling (Dowling).

On 17 February 2014, Plaintiff filed his Notice of Candidacy for Jackson County Sheriff. Plaintiff alleged he was subsequently ridiculed by Chief Woodard and suffered adverse consequences in the workplace as a result of announcing his candidacy. On 3 March 2014, Chief Woodard requested a meeting with Plaintiff. The same afternoon, Plaintiff, Chief Woodard, then-Assistant Chief Tammy Hooper, and Dowling met in Chief Woodard's office. Chief Woodard offered Plaintiff the option to resign or be terminated. Plaintiff declined to sign the pre-printed resignation letter; however, Plaintiff signed a Personnel Action Form reflecting his "separation." At that time, Plaintiff turned in his badge and gun. The next day, Plaintiff met with Dowling. Plaintiff expressed his intent to appeal his termination; however, Dowling informed Plaintiff she was the final-decision-maker. Plaintiff requested his personnel file from Dowling, which he did not receive until 11 March 2014.

On 2 March 2015, Plaintiff filed a Complaint and Jury Demand (Complaint) against Defendant. Plaintiff's Complaint alleged three claims. Count one—at issue in the present case—alleged Defendant, "acting under color of state law, and local ordinances, regulations, customs or usages of Town of Sylva," deprived Plaintiff of his right to free speech and association under the United States Constitution, thereby violating 42 U.S.C. § 1983. Plaintiff's Complaint also alleged violations of free speech and association under the North Carolina Constitution and wrongful termination in violation of North Carolina's public policy pursuant to N.C. Gen. Stat. § 160A-169. Defendant filed its Answer on 7 April 2015, admitting in part and denying in part portions of Plaintiff's factual allegations, yet ultimately denying Plaintiff was terminated on the basis of his political activity but instead terminated as an at-will employee for performance-related issues.

On 23 May 2016, Plaintiff's case came on for the first trial. At the close of Plaintiff's evidence, the trial court granted a directed verdict in favor of Defendant. *See Lambert I*, 259 N.C. App. at 296-97, 816 S.E.2d at 191. Plaintiff appealed, and this Court held the trial court erroneously granted Defendant's directed verdict "upon a misapprehension of the law regarding plaintiff's claims under 42 U.S.C. § 1983 . . . ." *Id.* at 307, 816 S.E.2d at 197. This Court reversed the trial court's directed verdict in favor of Defendant and remanded Plaintiff's case for a new trial on all claims and consistent with this Court's opinion. *Id.*

Defendant's new trial began on 16 July 2018, and this time, both parties presented evidence. The trial court held a charge conference at which both parties presented the trial court with requested jury instructions. Plaintiff requested the trial court instruct the jury according to each count of his Complaint. Specifically, for count one—Plaintiff's Section 1983 Claim—Plaintiff requested the trial court instruct the jury according to model instructions derived from the United States Court of Appeals for the Third Circuit for municipal liability arising from official policy or custom, which state in relevant part:

> If you find that [plaintiff] was deprived of [describe federal right], [municipality] is liable for that deprivation if [plaintiff] proves by a preponderance of the evidence that the deprivation resulted from [municipality's] official policy or custom – in other words, that [municipality's] official policy or custom caused that deprivation.

Defendant proposed to frame the first issue for the jury as "[d]id the Sylva Police Department have a policy that its officers could not run for Sheriff?"

The trial court considered the instructions submitted by both parties and ultimately instructed the jury:

> Was the plaintiff's filing to run for sheriff of Jackson County a substantial or motivating factor in the defendant's decision to terminate him from employment with the Town of Sylva? On this issue the burden of proof is on [Plaintiff.] This means that the plaintiff must prove by the greater weight of the evidence, two things:

First, that the plaintiff participated in conduct protected by law. Now, I instruct you that filing to run for public office is conduct protected by law.

And second, that the plaintiff's participation in conduct protected by law was a substantial or motivating factor in the defendant's decision to terminate the plaintiff. Now, an employer may terminate an employee with or without cause and even for an arbitrary or irrational reason. Even so, no employee may be terminated because of his participation in conduct protected by law.

Finally, as to this first issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff's participation in conduct protected by law was a substantial or motivating factor in the defendant's decision to terminate the plaintiff, it would be your duty to answer this issue yes, in favor of the plaintiff.

The jury returned its verdict finding "the plaintiff's filing to run for sheriff of Jackson County" was *not* "a substantial or motivating factor in the defendant's decision to terminate him from employment with the Town of Sylva[.]" Because the jury found for Defendant on this first issue, it did not proceed further. On 31 July 2018, the trial court entered Judgment for Defendant consistent with the jury verdict. On 24 August 2018, Defendant timely filed written Notice of Appeal.

## Issue

The sole issue on appeal is whether the trial court reversibly erred when it instructed the jury that for Plaintiff to prevail, they must first find "the plaintiff's filing to run for sheriff of Jackson County [to be] a substantial or motivating factor in

the defendant's decision to terminate him from employment[,]" thereby deviating from Plaintiff's proposed jury instructions.

## **Analysis**

### I. Standard of Review

"It is a well-established principle in this jurisdiction that in reviewing jury instructions for error, they must be considered and reviewed in their entirety." *Murrow v. Daniels*, 321 N.C. 494, 497, 364 S.E.2d 392, 395 (1988) (citations omitted).

> A specific jury instruction should be given when (1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury.

*Outlaw v. Johnson*, 190 N.C. App. 233, 243, 660 S.E.2d 550, 559 (2008) (citations and quotation marks omitted); *see Erie Ins. Exch. v. Bledsoe*, 141 N.C. App. 331, 335, 540 S.E.2d 57, 60 (2000) ("[W]hen a request is made for a specific instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the precise language of the prayer, is nevertheless required to give the instruction, in substance at least, and unless this is done, either in direct response to the prayer or otherwise in some portion of the charge, the failure will constitute reversible error." (citation and quotation marks omitted)). Consequently, "[f]ailure to give a requested and appropriate jury instruction is reversible error if the requesting party is prejudiced as a result of the omission." *Outlaw*, 190 N.C. App. at 243, 660 S.E.2d at 559.

## II. Jury Instructions

On appeal, Plaintiff specifically contends the trial court reversibly erred when it instructed the jury on count one[1] of Plaintiff's Complaint arguing the jury instructions as given failed to accurately state the law for Plaintiff's Section 1983 Claim and prejudiced Defendant by "impos[ing] a burden not required by the Civil Rights Act." Plaintiff also argues under the law of the case as established by this Court in *Lambert I*, the trial court was required to instruct the jury in accordance with the United States Supreme Court decision in *Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 692-94, 56 L. Ed. 2d 611, 636-37 (1978).

*A. The Law of the Case*

The procedural posture of *Lambert I* provides important context for this Court's prior holding and Plaintiff's contention Plaintiff stated a *Monell* Claim under the law of the case in *Lambert I*.

> [A]s a general rule when an appellate court passes on a question and remands the cause for further proceedings, the questions there settled become the law of the case, both in subsequent proceedings in the trial court and on subsequent appeal, *provided the same facts and the same questions which were determined in the previous appeal are involved in the second appeal.*

*Hayes v. Wilmington*, 243 N.C. 525, 536, 91 S.E.2d 673, 681-82 (1956) (emphasis added).

---

[1] In brief, Plaintiff refers to count one of his Complaint as a "*Monell* Claim"; however, as discussed *infra*, referring to the claim in count one as a *Monell* Claim presupposes that it was a valid claim under Section 1983. We refer to Plaintiff's claim in count one instead as his Section 1983 Claim.

In *Lambert I*, the trial court "granted directed verdict based upon the defendant's argument that the doctrine of respondeat superior does not apply to plaintiff's claims under 42 U.S.C. § 1983 . . . ." *Lambert I*, 259 N.C. App. at 302, 816 S.E.2d at 194. On appeal, this Court, considering whether Plaintiff "presented sufficient evidence to survive a motion for directed verdict[,]" reversed the trial court and held, "the trial court granted directed verdict based upon a misapprehension of the law regarding plaintiff's claims under 42 U.S.C. § 1983." *Id.* at 305, 307, 816 S.E.2d at 194, 197. This Court clarified, "[P]laintiff did not need to prove that the Town had a policy that Town employees could not run for political office." *Id.* at 302-04, 816 S.E.2d at 194-95 (quoting at length the United States Supreme Court's decision in *Pembaur v. Cincinnati*, 475 U.S. 469, 478-83, 89 L. Ed. 2d 452, 462-65 (1986), which analyzed and expanded upon *Monell*). In discussing Plaintiff's claims, this Court emphasized, "[D]efendant's evidence may present a very different picture of defendant's policies and procedures . . . , but unfortunately, since this case was dismissed after plaintiff's evidence, we do not have the benefit of that evidence." *Id.* at 305, 816 S.E.2d at 195.

In the new trial giving rise to the present appeal, Defendant presented evidence in its defense, and Plaintiff's claims were presented to a jury that ultimately found in favor of the Defendant. The issue before us is not a question of the sufficiency of the evidence to survive a motion for directed verdict but instead is whether the

trial court erred when it declined to give Plaintiff's requested jury instructions. Therefore, under the law of the case doctrine as outlined by our North Carolina Supreme Court, the "same facts and the same questions which were determined in the previous appeal" are *not* the same in Plaintiff's second appeal. *Hayes*, 243 N.C. at 536, 91 S.E.2d at 681-82. Thus, the law of the case doctrine, in and of itself, does not control our analysis of whether the trial court's jury instructions and issues submitted to the jury adequately encompassed the law of Plaintiff's Section 1983 Claim.

### B. Plaintiff's Section 1983 Claim

"To state a claim under 42 U.S.C. § 1983, a plaintiff must show that an individual, acting under color of law, has subjected [him] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Copper v. Denlinger*, 363 N.C. 784, 789, 688 S.E.2d 426, 428 (2010) (alterations in original) (citation and quotation marks omitted); *see* 42 U.S.C. § 1983 (2020). The United States Supreme Court expressly extended Section 1983 liability to municipalities in *Monell*. *See Pembaur*, 475 U.S. at 478, 89 L. Ed. 2d at 462 ("In the first part of the [*Monell*] opinion, we held that local government units could be made liable under [Section] 1983 for deprivations of federal rights, overruling a contrary holding in *Monroe v. Pape*, [365 U.S. 167, 5 L. Ed. 2d 492] (1961).").

"[O]ur first inquiry in any case alleging municipal liability under [Section] 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Canton v. Harris*, 489 U.S. 378, 385, 103 L. Ed. 2d 412, 424 (1989). "[N]either *Monell*[ ] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *Los Angeles v. Heller*, 475 U.S. 796, 799, 89 L. Ed. 2d 806, 810-11 (1986) (per curiam). Indeed, Plaintiff's proposed jury instructions recognize this, stating *"[i]f you find that [plaintiff] was deprived of [describe federal right]*, [municipality] is liable for that deprivation if [plaintiff] proves by a preponderance of the evidence that the deprivation resulted from [municipality's] official policy or custom . . . ." (emphasis added). Thus, even if the trial court adopted verbatim Plaintiff's proposed instructions, the jury would still have been required to find Plaintiff was deprived of a federal right before answering if "the deprivation resulted from [municipality's] official policy or custom[.]"

On Plaintiff's Section 1983 Claim, the trial court ultimately submitted the issue to the jury: "Was the plaintiff's filing to run for sheriff of Jackson County a substantial or motivating factor in the defendant's decision to terminate him from employment with the Town of Sylva?" and the jury returned a verdict of "No." The instruction given by the trial court was adapted from this Court's opinion in *Ginsberg*

*v. Bd. of Governors of Univ. of N.C.*, which the trial court characterized as a retaliatory discharge case. 217 N.C. App. 188, 190, 718 S.E.2d 714, 716 (2011). In *Ginsberg*, the plaintiff appealed a grant of summary judgment in favor of the Board of Governors of the University of North Carolina after the plaintiff alleged constitutional violations in that she was "not considered for [a] tenure-track position as a result of her [speech]." *Id.*

During the charge conference in this case, counsel for Plaintiff and the trial court discussed the instructions, and the trial court conceded *Ginsberg* was not brought under Section 1983. However, the trial court still indicated its intent to instruct the jury accordingly. The trial court directed the jury "that filing to run for public office is conduct protected by law" and continued "if you find by the greater weight of the evidence that the plaintiff's participation in conduct protected by law was a substantial or motivating factor in the defendant's decision to terminate the plaintiff, it would be your duty to answer this issue yes, in favor of the plaintiff." Plaintiff argues this instruction prejudiced him because it "imposed a burden not required by the Civil Rights Act."

It is true the trial court likely could have more clearly delineated Plaintiff's Section 1983 Claim for violation of his federal constitutional rights from Plaintiff's additional claims sounding in North Carolina law and policy. In effect if not in substance, however, the trial court's instruction asked the jury to consider if there is

a "direct causal link" between Defendant's termination of Plaintiff and the alleged constitutional deprivation. *Harris*, 489 U.S. at 385, 103 L. Ed. 2d at 424. Implicit in the jury verdict here is the finding there was no constitutional harm to Plaintiff, a requisite for a violation of Section 1983 and for municipal liability under *Monell*. *See Heller*, 475 U.S. at 799, 89 L. Ed. 2d. at 810-11. Thus, even assuming it was error for the trial court to decline to instruct the jury on the question of whether Defendant's alleged constitutional "deprivation resulted from [municipality's] official policy or custom[,]" the jury verdict finding Plaintiff's filing to run for sheriff was not a substantial or motivating factor in his termination renders any error harmless. *Outlaw*, 190 N.C. App. at 243, 660 S.E.2d at 559 ("Even assuming *arguendo* that the trial court erred by failing to give Defendants' requested jury instruction, we find that any such error was harmless error in light of the jury verdict."). Therefore, the trial court's jury instruction did not amount to reversible error.

## **Conclusion**

Accordingly, for the foregoing reasons, we conclude there was no reversible error at trial and affirm the trial court's Judgment.

NO PREJUDICIAL ERROR.

Judges BRYANT and COLLINS concur.